UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGID JONES and DAKOTA PEMBLETON, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiff,<br>      -against-<br><br>NIKE RETAIL SERVICES, INC.,<br><br>                              Defendant. | Case No. 22 Civ. 3343<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Nagid Jones and Dakota Pembleton ("Plaintiffs"), on behalf of themselves and all other similarly situated employees, brings this lawsuit against Defendant Nike Retail Services, Inc. seeking to recover liquidated and other damages for Defendant's violations of the New York Labor Law, Art. 6 §§ 190 *et seq.* ("NYLL").  Plaintiffs allege as follows:

## INTRODUCTION

1.      Plaintiffs were employed by Defendant as "Manual Workers" as defined by NYLL § 190(4), having worked for Defendant in New York as a Sales Associate.

2.      Defendant paid Plaintiffs and other Manual Workers on a biweekly basis.

3.      As a result, Defendant violated the requirement that manual workers be paid on a weekly basis in accordance with NYLL § 191(1)(a).

4.      Plaintiffs now brings this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendant working as Manual Workers throughout the State of New York during the time period from six years prior to the filing of the complaint until the date of judgment in this action (also referred to as "Class Members").

## THE PARTIES

*Plaintiffs*

5.      Plaintiff Nagid Jones is an adult individual and resident of Suffolk County, New York.

6.      Plaintiff Jones worked for Defendant as a Manual Worker in Riverhead, New York from approximately January 2017 through June 2018.

7.      Plaintiff Jones was employed as a full-time employee and paid on an hourly basis.

8.      Plaintiff Jones worked as a Sales Associate for Defendant at Defendant's Riverhead, New York location.

9.      Plaintiff Dakota Pembleton is an adult individual who worked for Defendant as a Manual Worker in Niagara Falls, New York from approximately August 2013 to April 2017.

10.      Plaintiff Pembleton was employed as a full-time employee and paid on an hourly basis.

11.      Plaintiff Pembleton worked as a Sales Associate for Defendant and was based out of Defendant's location in Niagara Falls, New York.

12.      Pursuant to Defendant's policy, pattern, or practice as described above and herein, Plaintiffs were paid on a biweekly basis.

13.      Defendant did not pay Plaintiffs within seven days after the end of the workweek as required by NYLL.  For example, during the month of March 2017, Defendant paid Plaintiffs every 14 days.

14.      Plaintiffs were entitled to payment of his wages within seven calendar days after the end of the workweek, as per NYLL § 191(1)(a).

15.     At all times relevant hereto, Plaintiffs were "employees" within the meaning of the NYLL.

*Defendant*

16.     Defendant Nike Retail Services, Inc. is an Oregon corporation with a principal place of business in Beaverton, Oregon.  Defendant issued payment to Plaintiffs and the Class Members for their work for Defendant.

17.     Defendant does business in New York.

18.     At all relevant times, Defendant was and is an "employer" within the meaning of NYLL § 190(3).

19.     At all times relevant, Defendant maintained control, oversight and direction over Plaintiffs and the Class Members, including timekeeping, payroll and other employment practices that applied to them.

20.     Defendant applies the same employment policies, practices, and procedures to Plaintiff and all Class Members.

21.     Defendant has employed Class Members at no fewer than 16 locations in New York, including at: (1) 21 Mercer Street, New York, NY 10013; (2) 156 Fifth Avenue, New York, NY 10010; (3) 1131 3rd Avenue, New York, NY 10065; (4) 81 North 6th Street, Brooklyn, NY 11249; (5) 40-24 College Point Boulevard, Suite B204, Flushing, NY 11354; (6) 1886 Military Road, Suite 91-A, Niagara Falls, NY 14304; (7) 2235 Nostrand Avenue, Brooklyn, NY 11210; (8) 102 The Arches Circle, Suite 102, Deer Park, NY 11729; (9) 655 Route 318, Suite 13, Waterloo, NY 13165; (10) 3557 Long Beach Road, Oceanside, NY 11572; (11): 1770 West Main Street, Suite 1520, Riverhead, NY 11901; (12) 15 Richmond Terrace, Suite 300, Staten Island, NY 10301;

(13) 600 Race Track Lane, Central Valley, NY 10917; (14) 650 5th Avenue, New York NY 10019;

(15) 529 Broadway, New York, NY 10012; and (16) 410 Gateway Drive, Brooklyn, NY 11239.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332 and the Class Action Fairness Act.

23.     Upon information and belief, there are Class Members who are citizens of states

other than Defendant.

24.     The amount in controversy for Plaintiffs and the Class Members exceeds

$5,000,000, exclusive of interest and costs.

25.     Plaintiffs seek liquidated damages, under NYLL § 198, equal to the 100% of the

Class's late-paid wages.  Because Plaintiffs and the Class were paid on a biweekly basis, roughly

one-half of their annual wages were paid late.  Thus, the measure of damages in controversy is

equal to, roughly, one-half of the Class's wages paid by Defendant for the six-years preceding

the filing of this Complaint.

26.     Because there are, upon information and belief, over 100 members of the Class

working for Defendant in full-time positions – working about 40 hours a week – at any time, the

Class worked no less than 2,600 full-time workweeks in which they were paid late per year.

Members of the Class, including Plaintiff, are generally paid at least $14 an hour; therefore, in

any given year the amount in controversy exceeds $1,456,000.

27.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

28.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this District.

29.     That is, Defendant employed Plaintiffs and members of the Class and failed to pay them their wages timely within this district and within the jurisdiction and venue of this Court.

## COMMON FACTUAL ALLEGATIONS

30.     Defendant operates retail and outlet stores throughout New York state, including in Riverhead and Niagara Falls where Plaintiffs worked.

31.     Plaintiffs and the Class Members are current or former Manual Workers. Their duties include but are not limited to numerous physical tasks such as stocking products, cleaning stores, and unloading and moving delivery boxes of products. Plaintiffs and the Class Members spend more than 25% of their time performing manual labor such as these tasks.

32.     Defendant violated the NYLL by failing to pay Plaintiff and Class Members on a weekly basis as required by NYLL.

33.     Defendant applied its biweekly payment policy to the Class Members uniformly.

34.     Plaintiffs and the Class Members were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed. Plaintiffs and the Class Members lost the opportunity to grow such untimely-paid wages through investment. Plaintiffs and the Class Members also lost the opportunity to use their earned wages which Defendant wrongfully withheld.

35.     Defendant, however, benefited from the delayed payments. That is, among other things, Defendant reduced its administrative costs by paying less frequently than required and used

the extra money Defendant was holding onto as it pleased (or, alternatively, did not use the money and earned interest on the unpaid wages) until payroll was cut.

36.     Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the Class Members and throughout Defendant's operations in New York.

37.     Defendant does not possess a good faith basis for deciding to pay and thereafter continuing to pay its employees' wages biweekly.

38.     The State of New York has required employers to pay certain manual workers on a weekly basis since the 19th Century.  *See* N.Y. Session Law 1890, Ch. 388 § 1; N.Y. Session Law 1897, Ch. 415 §§ 2, 10.

39.     A reasonable employer inquiring into New York's wage payment rules would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Questions flyer regarding the Wage Theft Prevention Act    (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) and many legal, human resource, and employment blogs brought attention to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dep't 2019).

40.     Upon information and belief, Defendant does not qualify for the exemption from the NYLL's weekly payment requirement because it does not employ over 1,000 in the state of New York.

41.     Upon information and belief, Defendant did not apply for the exemption.

42.     The New York State Department of Labor has not authorized Defendant to pay its employees on a biweekly basis.

43.     Upon information and belief, Defendant did not: (a) inquire into whether its biweekly payroll practice complies with the NYLL; (b) take requisite steps to ensure that Plaintiffs and Class Members were paid as per the timely pay requirements of the NYLL; and (c) conduct any study or audit of its compensation practices to ensure that Plaintiffs and the Class Members were paid in compliance with the NYLL's timely payment requirements.

## CLASS ACTION ALLEGATIONS

44.     Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiffs and the Class Members.

45.     Excluded from the Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

46.     Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

47.     Upon information and belief, the size of the Class is at least 100 workers.

48.     Defendant acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

49.     This matter is properly maintainable as a class action under Rule 23(b)(3).  There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the putative Class, including but not limited to:

> a.      whether Defendant was required to pay Plaintiffs and Class Members on a weekly basis
>
> b.      whether Defendant failed to pay Plaintiffs and Class Members on a weekly basis; and
>
> c.      whether Defendant's failure to pay Plaintiffs and Class Members on a weekly basis resulted from a reasonable, good-faith belief that its biweekly payroll practice complied with the NYLL.

50.     Plaintiffs' claims are typical of the claims of the Class sought to be represented. Defendant did not pay Plaintiffs and Class Members on a weekly basis.  Defendant acted and/or refused to act on grounds generally applicable to Plaintiffs and Class Members, thereby making injunctive and/or declaratory relief with respect to the Class appropriate.

51.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs understand that, as class representatives, one assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately.  Plaintiffs recognize that as a class representative, one must represent and consider the interests of the Class just as one would represent and consider one's own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Class.  Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.  Plaintiffs understand that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

52. Plaintiffs have retained the Shavitz Law Group, P.A. and Kessler Matura P.C., who are competent and experienced counsel in complex class action employment litigation.

53. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

54. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3).

**FIRST CAUSE OF ACTION**
**NYLL – Failure to Pay Timely Wages**
**(On Behalf of Plaintiffs and the Class)**

55. Plaintiffs reallege and incorporatesby reference all preceding allegations.

56. The NYLL requires employers to pay timely wages to employees. NYLL § 191 and NYLL's regulations state that manual workers, which include the Plaintiffs and the Class Members, must be paid on a weekly basis.

57. NYLL § 191 and its regulations apply to Defendant and cover Plaintiffs and the Class Members.

58. Defendant did and does not pay Plaintiffs and the Class Members on a weekly basis.

59.     Defendant pays (and has paid) Plaintiffs and the Class Members on a biweekly basis in violation of the NYLL.

60.     Defendant pays (and has paid) Plaintiffs and the Class Members more than seven days after the end of the workweek in violation of the NYLL.

61.     Plaintiffs and the Class Members suffered injuries due to Defendant's late wage payments including, but not limited to, the loss of the time value of money, inability to invest and/or earn interest on the untimely paid wages, and inability to use their untimely-paid wages to maintain sustenance.

62.     Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to damages from Defendant due to such underpayments caused by Defendant's violations of NYLL's timely pay laws for the entire NYLL class period.  Such damages include, but are not limited to, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs. NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     Damages, including liquidated damages, for Defendant's violations of the NYLL;

B.     Pre-judgment interest and post-judgment interest as provided by law;

C.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

D.     A reasonable incentive awards for the Plaintiffs to compensate them for the time and effort he has spent protecting the interests of other Manual Workers, and the risks the have undertaken.

E.      Certification of the New York claims in this action as a class action;

F.      Designation of Plaintiffs as the Class Representatives;

G.      Appropriate statutory penalties;

H.      Attorneys' fees and costs of the action; and

I.      Such other monetary, injunctive, equitable, and other relief as this Court shall deem

just and proper and as available under the law.

Dated: Melville, New York                    Respectfully submitted,
       June 6, 2022

                                             _____

                                             Troy L. Kessler
                                             Garrett Kaske
                                             KESSLER MATURA P.C.
                                             534 Broadhollow Road, Suite 275
                                             Melville, NY 11747
                                             Phone: (631) 499-9100
                                             Fax: (631) 499-9120
                                             tkessler@kesslermatura.com
                                             gkaske@kesslermatura.com

                                             Michael J. Palitz
                                             SHAVITZ LAW GROUP, P.A.
                                             447 Madison Avenue, 6th Floor
                                             New York, New York 10022
                                             Telephone:  (800) 616-4000
                                             Facsimile:  (561) 447-8831
                                             mpalitz@shavitzlaw.com

                                             Gregg I. Shavitz*
                                             SHAVITZ LAW GROUP, P.A.
                                             951 Yamato Road, Suite 285
                                             Boca Raton, Florida 33431
                                             Telephone:  (561) 447-8888
                                             Facsimile:  (561) 447-8831
                                             gshavitz@shavitzlaw.com
                                             *to apply for admission pro hac vice

                                             Attorneys for Plaintiffs and the
                                             Putative Class