**KESSLER MATURA**

August 11, 2022

**VIA ECF**

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   ***Jones, et al. v. NIKE Retail Services, Inc.,***
>        **No. 2:22 Civ. 3343 (PKC) (ARL)**

Dear Judge Chen:

As co-counsel for Plaintiffs, with Shavitz Law Group, P.A., we write to oppose Defendant NIKE Retail Services, Inc.'s ("Nike") request to file a motion to dismiss. Because of the weight of authority in Plaintiffs' favor, we respectfully request that the Court either deny the conference request or the motion to dismiss. *See, e.g.*, *Cohen v. Narragansett Bay Ins. Co.*, No. 14 Civ. 3623, 2014 WL 6673846, at *1 (E.D.N.Y. Nov. 24, 2014) (Chen, J.) (deciding matter without a conference); *Jones v. Pawar Bros. Corp.*, No. 17 Civ. 3018, ECF No. 26 (E.D.N.Y. Jan. 10, 2018) (Chen, J.) (denying motion to dismiss at the conference).

## I.       Plaintiffs Have Properly Pled NYLL § 191 Claims.

Plaintiffs are former Nike retail employees who spent their days performing laborious tasks such as stocking products, cleaning stores, and unloading and moving boxes. Compl. (ECF 1) at ¶ 31. New York Labor Law ("NYLL") § 191(a)(1) states that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned[.]" NYLL § 191(a)(1). Nike did not pay Plaintiffs and the proposed New York Class on a weekly basis but instead paid them bi-weekly in violation of the NYLL. Compl. (ECF 1) ¶ 58-59. Plaintiffs seek liquidated damages and interest under the NYLL. *Id.* at ¶ 62.

Nike does not deny that it paid Plaintiffs bi-weekly or claim that it obtained a waiver from the New York Department of Labor to pay its employees bi-weekly. Rather, after being caught violating NYLL's timely pay laws, Nike tries to dodge liability raising three repeatedly rejected arguments, that: (1) Plaintiffs' allegations do not establish standing (ECF No. 11 at 2); (2) NYLL § 191 does not provide a private right of action (*id.*); and (3) Plaintiffs have not plausibly alleged that they are "manual workers" (*id.* at 3). The Court should reject all of Nike's arguments.

*First*, Plaintiffs have alleged an injury in fact because they were "deprived of the time value of their earned wages during periods in which payment was illegally delayed . . . [they] lost the opportunity to grow such untimely-paid wages through investment . . . [and] also lost the opportunity to use their earned wages which Defendant wrongfully withheld." Compl. (ECF 1) ¶ 34, 61. Such a "[t]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing." *Caul v. Petco Animal Supplies, Inc.*, 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021) (cleaned up) (addressing Section 191 claims). The Third, Seventh, Ninth, Eleventh, and D.C. Circuits have all found that similar temporary losses

of money are tangible injuries. *Pontes v. Rowan Univ.*, No. 20-2645, 2021 WL 4145119, \*4-5, n. 5 (3d Cir. Sept. 13, 2021) (unpublished) (collecting cases). Thus, Plaintiffs' claims are not mere technical violations of the NYLL that do not cause a concrete injury or another harm that gives rise to traditional causes of actions. *Compare Sevilla v. House of Salads One LLC*, No. 20 Civ. 6072, 2022 WL 954740, at \*7 (E.D.N.Y. Mar. 30, 2022) (Chen, J.) (dismissing wage-statement claims) *with Van v. LLR, Inc.*, 962 F.3d 1160, 1164 (9th Cir. 2020) (explaining that loss-of-use-of-money claims are addressable through common law remedies).

*Second*, it is effectively settled that there is a private right of action for Section 191 violations. *Mabe v. Wal-Mart Assocs., Inc.*, No. 1:20 Civ. 591, 2022 WL 874311, at \*3 (N.D.N.Y. Mar. 24, 2022) (noting that this issue is "not unsettled" and there was "no apparent reason to determine how the New York State Court of Appeals would decide"). The highest New York state court to directly address this issue – the First Department – squarely rejected the argument to the contrary: "Labor Law § 198 (1-a) expressly provides a private right of action for a violation of Labor Law § 191." *Vega v CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144, 1146 (1st Dep't 2019). *Vega* is binding absent convincing evidence that the New York Court of Appeals would overturn it. *Beh v. Cmty. Care Companions Inc.*, No. 19 Civ. 1417, 2021 WL 3914297, at \*2-3 (W.D.N.Y. Feb. 1, 2021) (employer's arguments were "insufficient to overcome *Vega*"), *adopted by*, 2021 WL 3914320 (W.D.N.Y. June 23, 2021). As a result, federal courts are consistently applying the holding of *Vega*. *Caul*, 2021 WL 4407856, at \*3 (collecting cases).

Further, Plaintiffs allege that every other week their wages were late in violation of the NYLL. *Compl.* ¶ 13, 32, 34, 58-62. Thus, Nike is wrong to claim that that Plaintiffs did not allege an "underpayment of wages" (ECF 11 at 2), considering the clear holding in *Vega* that the "moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." 175 A.D.3d at 1145 (rejecting argument that an employer can evade liability under Sections 191 and 198(1-a) by making a late payment of wages before an action is filed). Plaintiffs, therefore, have alleged an actionable underpayment of wages.

*Third*, Plaintiffs' allegations plausibly fall within the manual-worker definition. *See* Compl. (ECF 1) at ¶ 31 (listing physical labor that consume over 25% of their worktime). Employees who spend 25% or more time performing physical tasks are considered manual workers. *Beh*, 2021 WL 3914297, at \*2. This encompasses a wide range of employees. *Id.* ("By this criterion, carpentry workers, cooks, wait staff, grocery store employees, janitorial staff, hotel maids, airport chauffeurs, and pizzeria workers have been found to be 'manual workers.'" (collecting authorities)). Plaintiffs, having alleged that they spent over 25% of time cleaning stores and unloading, moving, and stocking product, have properly pled that they were manual workers.

## II.     Nike's Request for a Stay Must Be Denied.

Nike requests a stay pending *Mabe* and *Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-3202 (2d Dep't). ECF No. 11 at 3. In making this request, Nike pretends *Mabe* is already before the Second Circuit. *Id.* It is not, as the motion for leave is pending. *See* Mot. for Leave, ECF No. 40, *Mabe v. Wal-Mart Assocs., Inc.*, No. 1:20 Civ. 591 (N.D.N.Y.). This Court should not stay this action on the off chance that the Second Circuit hears an interlocutory appeal. *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (noting that only "exceptional circumstances" warrant such appeals).

Likewise, the *Grant* appeal does not warrant a stay because there is no reason to believe that the Second Department will depart from *Vega*. Rather, the caselaw suggests that the Second Department will find for the plaintiffs. *See, e.g.*, *Phillips v. Max Finkelstein, Inc.*, 73 Misc. 3d 1, 3 (App. Term., 2d Dep't 2021) (following *Vega*); *Epifani v. Johnson*, 65 A.D. 3d 224 (2d Dep't 2009) (delay in final wage payment was a viable Section 191(3) claim). Nike's authority for the proposition that *Vega* is in doubt, *Zivkovic v. Laura Christy, LLC,* No. 17 Civ. 5553, 2022 WL 1697991 (S.D.N.Y. May 26, 2022) and *Accosta v. Lorelei Events Grp. Inc.*, No. 17 Civ. 7804, 2022 WL 195514 (S.D.N.Y. Jan. 21, 2022), is wildly misplaced. These cases neither mention Section 191 and *Vega*, nor suggest that *Vega* was wrong. Besides, the dearth of convincing evidence that *Vega*'s holding is in jeopardy has been grounds to deny a stay of discovery while the court ruled on the defendant's motion to dismiss like Nike's. *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 Civ. 9768, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022).

## III.    The Court Should Reject Nike's Attempt to Strike the Class Allegations.

Pre-discovery motions to strike class action allegations "are disfavored because they require the Court to preemptively terminate the class aspects of litigation." *Carrillo v. Wells Fargo Bank, N.A.*, No. 18 Civ. 3095, 2019 WL 3714801, at *9 (E.D.N.Y. May 10, 2019) (cleaned up), *adopted by*, 2019 WL 3927369 (E.D.N.Y. Aug. 20, 2019). To succeed on such a motion, the defendant must show that, based on the complaint's face, it would be impossible to certify the class after discovery. *Id.* Thus, these motions are premature and rarely granted. *Id.* The result is no different when the movant challenges a purportedly "fail-safe" class definition. *See, e.g.*, *Sealock v. Covance, Inc.*, 2018 WL 2290698, at *1 (S.D.N.Y. May 18, 2018) ("swiftly reject[ing]" a defendant's motion to strike); *Owens v. Starion Energy, Inc.*, No. 3:16 Civ. 1912, 2017 WL 2838075, at *9 (D. Conn. June 30, 2017) (motion to strike fail-safe class definition was premature).

This is not a fail-safe class. A fail-safe class is one whose definition "shields the putative class members from receiving an adverse judgment." *Mazzei v. Money Store,* 288 F.R.D. 45, 55 (S.D.N.Y. 2012). Here, the proposed class of manual workers may receive an adverse judgment against them if Nike shows that it either (a) paid the class members timely or (b) has a good-faith defense. Further, discovery will uncover the different titles of Nike employees who fall within the manual worker definition in the Complaint. Upon a motion for class certification, the Court can assess whether Plaintiffs' proposed class definition is appropriate or amend it as necessary. *Spread Enters., Inc. v. First Data Merch. Servs. Corp.*, 298 F.R.D. 54, 70 (E.D.N.Y. 2014) (redefining the class definition at the class certification stage to address fail-safe concerns).

*        *        *        *

For these reasons, the Court should order Defendant to file an Answer without delay.

Respectfully submitted,

/s/ Troy L. Kessler
Troy L. Kessler