```
                                                                    1

 1                        UNITED STATES DISTRICT COURT
                          EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - - X
 3
                                       :
 4   NAGID JONES, et al.               : 22-CV-03343-NRM
                                       :
 5           Plaintiff,                :
                                       : United States Courthouse
 6                                     : Brooklyn, New York
         -against-                     :
 7                                     :
                                       : Friday, March 14, 2025
 8                                     : 2:30 p.m.
     NIKE RETAIL SERVICES, INC.,       :
 9                                     : Via Zoom conference
             Defendant.                :
10                                     :
                                       :
11
     - - - - - - - - - - - - - - - - X
12
              TRANSCRIPT OF CIVIL CAUSE FOR ORAL RULING
13              BEFORE THE HONORABLE NINA R. MORRISON
                   UNITED STATES DISTRICT COURT JUDGE
14
                        A P P E A R A N C E S:
15
     For the Plaintiff:     KESSLER MATURA P.C.
16                              534 Broadhollow Road
                                Suite 275
17                              Melville, New York 11747
                          BY:  GARRETT D. KASKE, ESQ.
18
     For the Plaintiff:     SHAVITZ LAW GROUP, P.A.
19                              800 Third Avenue
                                Suite 2800
20                              New York, New York 10022
                          BY:  MICHAEL J. PALITZ, ESQ.
21
     For the Defendant:     SHEPPARD MULLIN RICHTER & HAMPTON LLP
22                              350 South Grand Avenue
                                40th Floor
23                              Los Angeles, California 90071
                          BY:  MATTHEW A. TOBIAS, ESQ.
24
     Court Reporter:  Nicole J. Sesta, RMR, CRR
25   Proceedings recorded by computerized stenography.  Transcript
     produced by Computer-aided Transcription.
```

Proceedings 2

1 THE COURTROOM DEPUTY: Civil cause for a video oral
2 ruling for case 22-CV-3343, *Jones, et al versus Nike Retail*
3 *Services*. Counsel, please state your appearance for the
4 record, starting with plaintiff.
5 MR. KASKE: Good afternoon, Your Honor. Garrett
6 Kaske from the law firm of Kessler Matura for plaintiff.
7 MR. PALITZ: Good afternoon, Your Honor. My name is
8 Mike Palitz. I'm from Shavitz Law Group, also for the
9 plaintiff.
10 MR. TOBIAS: Good afternoon, Your Honor. Matthew
11 Tobias on behalf of defendant, Nike Retail Services.
12 THE COURT: Good to see you all. So we are here for
13 an oral ruling on the defendant's motion to dismiss. I'm
14 going to read this ruling into the record. You're welcome to
15 go video off while I read. It's not terribly lengthy, but
16 it's not exactly short either. So it's entirely up to you.
17 Defendant Nike Retail Services has moved to dismiss
18 Plaintiff Jones' complaint for lack of subject matter
19 jurisdiction under Federal Rule of Civil Procedure 12(b)(1),
20 or alternatively for judgment on the pleadings under Federal
21 Rule of Civil Procedure 12(c).
22 For the reasons to follow, defendant's motion is
23 denied. I'll assume the parties' familiarity with the
24 complaint, the procedural history, and the legal arguments in
25 the parties' motion papers and will repeat them only as

1 necessary to explain the reasons for my decision.

2 First, some background. The operative complaint
3 contains one cause of action, a violation of New York Labor
4 Law Section 191(1)(a), which requires that manual laborers be
5 paid weekly within seven calendar days after the end of a
6 workweek. The complaint alleges that the plaintiffs and class
7 members currently spend or have spent more than 25 percent of
8 their time stocking, cleaning, unloading, and moving delivery
9 boxes, and thus qualify as current or former manual laborers.

10 That's from the complaint at paragraph 31, ECF No.
11 1, and plaintiffs claim that they were paid biweekly, as
12 opposed to weekly, *Id.* at paragraph 25.

13 Plaintiff asks for liquidated damages pre and post
14 judgment interest and attorneys' fees and costs pursuant to
15 New York Labor Law Section 198(1-a), which provides for
16 liquidated damages up to 100 percent of the total amount of
17 wages found to be due. That's from the complaint at
18 paragraph 62.

19 At an earlier juncture in this litigation before the
20 case was reassigned to me, Judge Chen denied a previous motion
21 to dismiss filed by defendant. See *Jones versus Nike Retail*
22 *Services, Inc.*, 22-CV-3343(PKC), 2022 WL 4007056, EDNY,
23 August 30, 2022.

24 In that order, Judge Chen rejected the defendant's
25 three arguments made at that time, namely, that there's no

Proceedings 4

private right of action for frequency to pay violations under New York Labor Law Section 1991, that plaintiffs did not fall under the definition of manual laborers, and that plaintiffs did not plead a sufficient injury, in fact, to establish Article III standing.

In denying defendant's claim challenging whether there existed a private right of action under New York Labor Law Section 191, Judge Chen noted that this same argument had already been soundly rejected by the First Department of the New York Appellate Division in *Vega versus CM Associates Construction Management, LLC*, 175 A.D. 3d 1144, First Department 2019. However, after Judge Chen issued her 2022 order, the second department decided *Grant versus Global Aircraft Dispatch, Inc.*, 223 A.D. 3d 712, Second Department 2024.

In the *Grant* decision, the Second Department disagreed with the First Department in *Vega* and held that there was no express or implied private right of action for frequency of pay violations under Section 191. That's from *Grant* at 719 to 20. This created a split in the New York State intermediate appellate courts. *Id.* at 717.

In light of the Second Department's decision in *Grant,* defendant has renewed its argument that Section 191 does not promote a private right of action, whether express or implied, for frequency of pay violations. That's from the

Proceedings 5

1 defendant's motion to dismiss at ECF No. 40.

2 A federal court applying state law is generally
3 obliged to follow the state law decisions of state
4 intermediate appellate courts. *Broder versus Cablevision*
5 *Systems Corp.*, 418 F. 3d 187, 199 to 200, Second Circuit,
6 2005. Internal quotation marks omitted. When there's a split
7 in authority among the intermediate appellate divisions of the
8 New York courts, the federal court must "predict" how the New
9 York Court of Appeals would resolve the question. See
10 *Michalski versus Home Depot, Inc.*, 225 F 3d 113, 116 to 17,
11 Second Circuit, 2000.

12 Having reviewed *Vega* and *Grant,* as well as the New
13 York Court of Appeals decision in *Konkur versus Utica Academy*
14 *of Science Charter School*, 38 N.Y. 3d 38 (2022), and the post
15 *Grant* case law of the district courts in the Second Circuit, I
16 see no reason to depart from Judge Chen's original ruling in
17 this case.

18 I hold the same view as the many judges who have
19 ruled post *Grant,* namely that the *Vega* court correctly
20 interpreted Section 191 of the New York Labor Law to include a
21 private right of action. And while the New York Court of
22 Appeals has not yet addressed this issue, it's my view that
23 the Court of Appeals is likely to reach the same conclusion as
24 did the *Vega* court.

25 I'm particularly convinced by Judge Engelmayer's

Proceedings 6

reasoning in *Espinal versus Sephora USA, Inc.*, 22-CV-3034, 2024 WL 4241537, SDNY, September 19, 2024, as well as Judge Chen's reasoning in *Garcia versus Skechers USA Retail, LLC*, 23-CV-1055, 2024 WL 1142316, EDNY, March 15, 2024.

      I agree with Judge Chen that late payments are encompassed in Section 198's reference to underpayments in violation of Article 6 of the New York Labor Law, *Garcia,* 2024 WL 1142316 at page six.  The plain language of Section 191 sub 2 states that, "No employee shall be required as a condition of employment to accept wages at periods, other than as provided by this section." *Id*.

      As the Court reasoned in *Zachary versus BF Retail, LLC*, "money has a realtime value" and late payment is underpayment, 716 F. Supp. 3d 339, 350-51, SDNY, 2024. However, even if the word underpayment were ambiguous as to whether it included late payments, I would reach the same conclusion.

      When a term is ambiguous, the context of the overall statutory scheme and the legislative history can be considered.  In this case they point to the conclusion that Section 191 provides a private right of action for payment schedule violations.

      I agree with Judge Engelmayer in *Espinal* that the legislative history establishes that the New York Labor Law was largely patterned on the federal Fair Labor Standards Act.

Proceedings 7

1  That's from *Espinal,* page five.  Since *Brooklyn Savings Bank*
2  *versus O'Neil* was decided in 1945, it's been established that
3  liquidated damages are proper compensation for delayed
4  payments, 324 U.S. 697, 707, 1945.
5         And as Judge Engelmayer noted, when the New York
6  legislature "rewrote its liquidated damages provision to cover
7  the same ground as the FLSA," there was no evidence it
8  "intended to depart from the FLSA in its treatment of" these
9  claims.  That's from *Espinal,* page six, quoting *Rana versus*
10 *Islam*, 887 F.3d 118, 123, Second Circuit, 2018.
11        Thus, the *Grant* court's finding that "there is no
12 reference in the legislative history to the frequency or
13 timing of wage payments" does not indicate that these were not
14 meant to be included under the umbrella of "underpayment."
15 That's from *Grant* at 719.
16        I'll also note, as the *Espinal* court did, that after
17 *Vega* the New York legislature amended the Section 193 wage
18 deduction provision to correct judicial interpretations but
19 left Section 191 undisturbed.  That's from *Espinal* at
20 page six.  This is not a dispositive factor in my decision by
21 any means, but it does provide some evidence that the
22 legislative intent of Section 191 is not squarely in conflict
23 with the *Vega* court's view.
24        I've also considered the Court of Appeals' decision
25 in *Konkur,* and like many of my fellow courts in this Circuit,

Proceedings 8

have concluded that it has no bearing on this issue. *Konkur* held that Section 198-b, a wage-kickback provision, did not create an implied private right of action. See *Konkur* 165 New York State 3d at 42 through 44. Not only was the *Konkur* court interpreting a different statutory provision, but the court acknowledged that "it is Labor Law Section 191 that generally regulates payment of wages by employers", which would qualify as wage claims under Section 198 *Id*. at 44. Internal quotation marks omitted.

As the pay frequency requirement is codified in Section 191, this indicates to me that the Court of Appeals would consider it a wage claim under Section 198. Additionally, *Konkur* based its conclusion that there was no private right of action for wage-kickback violations on the fact that Section 198-b had robust other enforcement mechanisms, like making a violation of that statute a misdemeanor, which is not the case for violations of Section 191. *Id*. at 40 and 42.

In addition, the *Konkur* court noted that New York Labor Law Section 218 empowered the commissioner to enforce the statute through civil penalties by specifically authorizing the commissioner to issue an order directing liquidated damages on a violation of Section 198-b. And that's from *Konkur* at 40. Thus, *Konkur* decision does not signal that the Court of Appeals will agree with the *Grant*

Proceedings    9

1  court rather than the *Vega* court, that there is no implied
2  private right of action for payment schedule violations.
3      Lastly, I do want to briefly address one additional
4  argument that the defendant raised for the first time in its
5  reply brief.  Defendant argues that since it employs over
6  1,000 people in the State of New York, it's subject to Section
7  191(1)(a)(ii)'s exemption from the weekly pay requirement.
8      Disregarding the fact that a new argument should not
9  be raised for the first time in a reply brief, the argument is
10 without merit.  Section 191(1)(a)(ii) explicitly notes that
11 "the commissioner may authorize" this exemption upon the
12 employer furnishing "satisfactory proof".  New York Labor Law
13 191(1)(a)(ii).
14     Defendant has not made any representations that they
15 applied to the commissioner to obtain this exemption.  I have
16 considered the defendant's remaining arguments and find them
17 also to be without merit.  Thus, for the reasons I've just
18 stated, defendant's motion to dismiss is denied.  As per the
19 order entered on January 15, 2025 issued by Judge Lindsay, the
20 parties now have an additional 60 days from the date of this
21 conference to complete discovery.  That concludes my ruling.
22     Since I know you've been waiting sometime for a
23 resolution of this issue, you don't have a lot of time left to
24 complete discovery and I'm inclined not to delay it any
25 further.  But if you would like to proceed to mediation and

Proceedings    10

1  think it would be fruitful at this time, I would entertain a
2  brief extension of discovery as long as you identify a
3  mediator quickly and schedule it promptly.
4          You don't have to decide that today, but if you do
5  want to take advantage of that option or have a settlement
6  conference before Judge Lindsay, you're welcome to send me a
7  joint letter and let me know and propose a schedule for that,
8  and I will give it due consideration.
9          Anything further to take up before we adjourn today?
10         MR. KASKE:  Nothing, Your Honor.  Thank you.
11         MR. TOBIAS:  Nothing from defendant, Your Honor.
12 Thank you for considering.
13         THE COURT:  Of course.  Thank you, all.  Have a good
14 weekend.
15         (Proceedings concluded.)
16         - - - - - - - - - - - - - - - - -
17
18         I certify that the foregoing is a correct transcript
19 from the record of proceedings in the above-entitled matter.
20
21 */S/* *Nicole Sesta, RMR, CRR*
   *Court Reporter/Transcriber*
22
23 *March 21, 2025*
        *Date*
24
25